**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMARTY HAD A PARTY, LLC ) <br> d/b/a SMARTY HAD A PARTY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BERRETT BROTHERS, INC., ) <br> a/k/a LINENTABLECLOTH a/k/a ) <br> LINENTABLECLOTH.COM ) <br> ) <br> Serve: Jill D. Laney ) <br>   Registered Agent ) <br>   888 SW 5th Ave, Suite 500 ) <br>   Portland, OR 97204 ) <br> ) <br> Defendant. ) | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW Plaintiff, Smarty Had A Party, LLC d/b/a Smarty Had A Party, and, for its Complaint against Defendant Berrett Brothers, Inc. a/k/a LinenTablecloth a/k/a LinenTablecloth.com, states as follows:

**Introduction, Parties, Jurisdiction and Venue**

1.  Plaintiff Smarty Had A Party, LLC d/b/a Smarty Had A Party ("Smarty") is in the business of producing and selling elegant and disposable party, catering and wedding supplies, including table linens and disposable dishware, nationwide on its online retail store, SmartyHadAParty.com ("Smarty Website"). Since its inception in 2007, Smarty has developed a significant following and even greater goodwill, largely due to Smarty's investment in its products, customers and intellectual property, and has become the preeminent online disposable party, catering and wedding supply retailer in the industry.

1

      2.      Defendant Berrett Brothers, Inc. a/k/a LinenTablecloth a/k/a LinenTablecloth.com ("Berrett") is in the business of selling primarily event table linens nationwide on its interactive, online retail store website, LinenTableCloth.com ("Berrett Website"). Berrett is self-described as the "leading online retailer of linen tablecloths, chair covers, wedding decor and other related products" and purports significant growth due to the Berrett Website.

      3.      Smarty is a Missouri limited liability company, with its principal place of business within this District, at 2360 Chaffee Dr., St Louis, MO 63146.

      4.      Berrett is an Oregon corporation, with its principal place of business in Wilsonville, Oregon.

      5.      This is an action for trademark and copyright infringement arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended (the "Lanham Act") and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.,* as amended (the "Copyright Act") respectively, as well as for common law trademark infringement and unfair competition under the laws of the state of Missouri.

      6.      The Court has subject matter jurisdiction of the instant matter under 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331, 1338 and 1367.

      7.      This Court has personal jurisdiction over Berrett, because Berrett has sufficient contacts with the State of Missouri to satisfy this jurisdictional requirement, as, among other reasons:

           a.      Berrett actively markets and sells its products in Missouri, via its interactive, e-commerce website (the Berrett Website, linentablecloth.com);

           b.      Berrett has foreseeably, systematically, and continuously directed its advertising, marketing, and promotion of its products and services on the Berrett Website and

Berrett's social media accounts toward the residents of the State of Missouri and, as a direct result thereof, has injured Smarty in Missouri by infringing Smarty's exclusive rights under the Lanham Act, Copyright Act and Missouri law.

   c. Berrett foresaw that Plaintiff would be injured in Missouri, as Berrett willfully infringed Plaintiff's copyright and trademark rights, fully knowing that Plaintiff is a Missouri limited liability company and that Plaintiff's principal place of business was in St. Louis, Missouri.

   d. Each and every one of the actions taken by Berrett herein were (a) foreseeably and purposefully directed at residents of Missouri, and (b) caused injuries in Missouri that were foreseeable and within the scope of this lawsuit.

  8. Venue is proper in this District, under 28 U.S.C. § 1391(b) and (c) and § 1400(a).

## Smarty's Trademarks

  9. Smarty is the owner of all rights, title, and interest in the following federally-registered trademark:

| Mark | Registration Number | Registration Date (year of first use) | Services/Goods |
|---|---|---|---|
| SMARTY HAD A PARTY | 3777476 | April 20, 2010 (2007) | On-line retail store services featuring catering and entertainment supplies. |

(the "SMARTY HAD A PARTY mark").  A copy of the Certificate of Registration is attached hereto as Exhibit A and incorporated herein.

  10. Over the past seven years, Smarty has invested and continues to invest substantial resources in promoting its goods and services under the SMARTY HAD A PARTY mark and the Smarty Website.  Indeed, the Smarty Website is named Smarty Had A Party and the

3

SMARTY HAD A PARTY mark is prominently and repeatedly displayed on, among other things, the Smarty Website, Smarty's social media accounts, and Smarty's marketing materials and product packaging.

11. As a result of Smarty's widespread use and promotion of the SMARTY HAD A PARTY mark and the Smarty Website in conjunction with its goods and services, the SMARTY HAD A PARTY mark has acquired a strong and favorable public recognition and secondary meaning identifying Smarty as the source of disposable party, catering and entertainment supplies, including table linens, of the highest quality.

12. The SMARTY HAD A PARTY mark has become a famous and distinctive mark of incalculable value uniquely associated with Smarty and its quality services. Among other things, Smarty has achieved an A+ rating from the Better Business Bureau.

13. In addition to the SMARTY HAD A PARTY mark, Smarty is the owner of all rights, title, and interest in several other registered and unregistered marks, as well as marks pending federal registration. On such mark pending registration is the following:

| Mark | Serial Number | Registration Date (year of first use) | Services/Goods |
|---|---|---|---|
| SMARTY PARTY | 85623004 | Pending registration | On-line retail store services featuring catering and entertainment supplies. |

(the "SMARTY PARTY mark"). A copy of the United States Patent and Trademark Office printout for the SMARTY PARTY mark is attached hereto as Exhibit B and incorporated herein.

14. The SMARTY PARTY mark was published, with no opposition, and a Notice of Allowance has been issued. Smarty has submitted its specimens demonstrating proof of use and

4

is now awaiting registration and final approval from the United States Patent and Trademark Office.[1]

15. Smarty first began using the SMARTY PARTY mark in commerce at least as early as May 2014.

16. As a result of Smarty's widespread use and promotion of the SMARTY PARTY mark and the Smarty Website in conjunction with its goods and services, the SMARTY PARTY mark has acquired a strong and favorable public recognition and secondary meaning identifying Smarty as the source of disposable party, catering and entertainment supplies, including table linens, of the highest quality.

### Smarty's Copyright

17. Smarty is the author and creator of the following original visual image ("Image"):



---

[1] With the Court's permission, Smarty will amend its Complaint upon the registration of the SMARTY PARTY mark.

18. Smarty created and published the Image beginning on September 11, 2014 on the Smarty Website.

19. Smarty subsequently published a link on its Facebook account to the page on the Smarty Website containing the Image.

20. The Image is part of Smarty's marketing and branding campaign, created to engage and interact with its followers and customers and to, specifically, describe how to create a paper lantern vase in three-simple steps. Smarty sells paper lanterns on the Smarty Website, which are needed to create the vase in the Image.

21. The United States Copyright Office has issued the Certificate of Registration No. VA0001926231 for the copyright in the Image (the "Copyright").

22. Smarty is and always has been the exclusive owner of all rights, title and interest in the Copyright.

23. Pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106, Smarty, as owner of the Copyright in the Image, is the owner of the exclusive rights to reproduce that Image, to distribute copies of the Image, to prepare derivative works based upon that Image, and to publicly produce that Image.

**Berrett's Wrongful Conduct and Injuries to Smarty**

24. Since its inception, Smarty's table cloth sales have substantially increased and, with respect to such sales, Smarty is a direct competitor of Berrett.

25. In the last two years, Berrett has become increasingly focused and fixated on Smarty, presumably, and upon information and belief, concerned with additional competition in the marketplace. Specifically, Berrett began referring to and disparaging Smarty on a post on the Berrett Website (which it subsequently deleted) and even published a public video on YouTube

6

(which it subsequently made private) in which Berrett discusses a product that it purportedly purchased from Smarty.

26. In or about October 2014, Smarty discovered that Berrett had, without permission, and for its own financial gain, impermissibly and directly copied, republished, reproduced and posted the Image on its own Facebook account, along with a link directly to the portion of the Berrett Website whereon customers could buy paper lanterns sold by Berrett ("Berrett Website Paper Lantern Page"). Copies of Berrett's aforementioned Facebook page containing the Image is attached hereto as Exhibit C and incorporated herein. A copy of the Berrett Website Paper Lantern Page is attached hereto as Exhibit D and incorporated herein.

27. In or about October 2014, Smarty discovered that Berrett had, without permission, and for its own financial gain, posted a link on its Twitter account to Berrett's aforementioned Facebook post containing the Image, along with the same link to the Berrett Website Paper Lantern Page. A copy of Berrett's aforementioned Twitter page is attached hereto as Exhibit E and incorporated herein.

28. In or about October 2014, Smarty discovered that Berrett, without permission, and for its own financial gain, was willfully and intentionally using the identical SMARTY HAD A PARTY mark on the Berrett Website and associating the SMARTY HAD A PARTY mark with over 600 of Berrett's products that it offers for sale on the Berrett Website.

29. For example, the Berrett Website contains a search bar, which allows Berrett's customers to search for certain products and/or categories of products.

30. Customers searching for "Smarty Had A Party" on the Berrett Website are taken to over 600 of Berrett's products that it offers for sale on the Berrett Website.

31. Moreover, Berrett has intentionally programmed its database to recommend potential other search terms to customers on its search results pages, regardless of whether the customer's original search retrieved any results.

32. One such recommended search term is the SMARTY HAD A PARTY mark, with which Berrett associates over 600 of its products and, thus, egregiously passes them off as being related to and/or associated with Smarty. A copy of the Berrett Website recommending a customer click on a link entitled SMARTY HAD A PARTY is attached hereto as Exhibit F.

33. The recommended term SMARTY HAD A PARTY is not only just recommended search on the Berrett Website. It is also a hyperlink, which, when clicked, takes customers to over 600 products sold by Berrett on the Berrett Website. Both a "screen capture" and a printout of the webpage (from today's date) on the Berrett Website to which customers are taken after clicking on the SMARTY HAD A PARTY link is attached hereto as Exhibit G.

34. The source code for the webpages identified on Exhibit F and Exhibit G is riddled with the SMARTY HAD A PARTY mark.

35. On or about October 9, 2014, after Berrett began using the SMARTY HAD A PARTY mark on the Berrett Website, Smarty discovered that Berrett also began using SMARTY PARTY as a recommended search term, with which Berrett associates at least 26 of its products and, thus, egregiously passes them off as being related to Smarty. A copy of the Berrett Website recommending a customer click on a link entitled SMARTY PARTY is attached hereto as Exhibit H. Both a "screen capture" and a printout of the webpage (from today's date) on the Berrett Website to which customers are taken after clicking on the SMARTY HAD A PARTY link is attached hereto as Exhibit I.

36. Customers searching for "Smarty Party" on the Berrett Website are taken to 26 of Berrett's products that it offers for sale on the Berrett Website.

37. The source code for the webpages identified on <u>Exhibit H</u> and <u>Exhibit I</u> is riddled with references to the SMARTY PARTY mark.

38. Barrett's willful, intentional and malicious conduct does not stop with Smarty. For example, a customer searching for the word "party" on the Berrett Website is, instead, recommended to click on a hyperlink entitled "party city in jackson ms."

39. Clicking on the "party city in jackson ms" link takes Berrett's customers to a page on the Berrett Website selling over 2000 of Berrett's party related products.

40. Party City is a well-known national online and brick and mortar retailer (with a location in Jackson, Mississippi, among many others) of discount party supplies, which owns several trademarks, including, but not limited to, the following:

| Mark | Registration Number | Registration Date (year of first use) | Services/Goods |
|---|---|---|---|
| PARTY CITY | 3610286 | April 21, 2009 (2004) | RETAIL STORE SERVICES IN THE FIELD OF PARTY SUPPLIES, CANDLES, FOOD, CARDS, APPAREL, INVITATIONS, COOKWARE, TOYS, COSTUMES |
| PARTY CITY | 1806095 | November 23, 1993 (1986) | RETAIL PARTY SUPPLY STORE SERVICES |

41. Berrett never sought Smarty's permission to use Smarty's Image, Copyright or the SMARTY HAD A PARTY or SMARTY PARTY marks.

9

42. Smarty never gave Berrett permission, consent or a license to use the Image, Copyright or the SMARTY HAD A PARTY or SMARTY PARTY marks.

43. Berrett's use of the SMARTY HAD A PARTY and SMARTY PARTY marks on the Berrett Website falsely indicates to consumers that Berret's services and products originate from, are approved by, are sponsored by, are licensed by, or are otherwise associated or affiliated with Smarty and its services and products.

44. Berrett's use of the SMARTY HAD A PARTY and SMARTY PARTY marks on the Berrett Website has or is likely to cause confusion, to cause mistake, or to deceive customers of both Smarty and Berrett as to the source of the services and goods offered by both companies and to cause the dilution of the distinctive quality of the SMARTY HAD A PARTY and SMARTY PARTY marks.

45. Berrett's use of the SMARTY HAD A PARTY and SMARTY PARTY marks on the Berrett Website has unjustly enriched Berrett at the expense of Smarty and its goodwill. Unless these acts of Berrett are restrained by this Court, Berrett's unlawful acts will continue to cause irreparable injury to Smarty and to the public, for which there is no adequate remedy at law.

46. The association of the SMARTY HAD A PARTY and SMARTY PARTY marks with Berrett is uniquely damaging to Smarty's reputation and goodwill as, unlike Smarty, Berrett has a B rating with the Better Business Bureau.

47. The Better Business Bureau report on Berrett discloses the following:

| **Company** | **Grade** | **Complaints Closed in Past 3 years** | **Complaint Information** |
|---|---|---|---|
| LinenTableCloth.com | B | 20 | On October 1, 2013, BBB recognized a pattern of complaints from consumers regarding product, customer service and delivery issues. Consumers allege the products they receive from LinenTablecloth.com are of poor quality and fall apart after being laundered. Consumers further allege when they return the products to the company, they experience poor customer service and are charged a restocking fee. Consumers also allege when the company delivers the incorrect product, they return it and are charged a restocking fee. |

48. Berrett's use of the SMARTY HAD A PARTY mark is a "counterfeit" use or mark under the Lanham Act.

49. Berrett has already and continues to infringe Plaintiff's Copyright and cause damage and irreparable harm through its unauthorized copying, distribution, reproduction and posting of the Image on its social media sites, along with its link to a portion of the Berrett Website on which Berrett sells the very item photographed and mentioned in the Image. If not enjoined, Berrett will continue to cause Smarty irreparable harm and damages.

50. Berrett has copied and commercially exploited and profited from the Image and Smarty's Copyright by, without permission, reproducing, republishing and posting the Image on its social media sites, along with a link to a portion of the Berrett Website on which Berrett sells the very item photographed and mentioned in the Image.

11

51. As a result of Berrett's trademark and copyright infringement, and unfair competition, Smarty stands to continue to suffer substantial damages and irreparable harm for which there is no adequate remedy at law.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act, 15 U.S.C. § 1114)

52. Smarty realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

53. Berrett's actions, as set forth above, constitute infringement of the SMARTY HAD A PARTY mark in violation of the Lanham Act, 15 U.S.C. § 1114 and entitle Smarty to an injunction against said use pursuant to 15 U.S.C. § 1116 and damages for said use pursuant to 15 U.S.C. § 1117.

54. By reason of the foregoing, Smarty has been or will be irreparably harmed and damaged.

## COUNT 2
## FEDERAL UNFAIR COMPETITION
### (Lanham Act, 15 U.S.C. § 1125(a))

55. Smarty realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

56. Berrett's actions, as set forth above, with respect to the SMARTY HAD A PARTY mark have constituted and will continue to constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Berrett with Smarty, or as to the origin, sponsorship, or approval of Berrett's services by Smarty. Such actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

57. By reason of the foregoing, Berrett has been unjustly enriched and Smarty has been injured and damaged. Unless the foregoing alleged actions of Berrett are enjoined, Smarty will continue to suffer injury and damage.

### COUNT 3
### FEDERAL UNFAIR COMPETITION
### (Lanham Act, 15 U.S.C. § 1125(a))

58. Smarty realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

59. Smarty began using the SMARTY PARTY mark, nationwide and in commerce, prior to Berrett, and Smarty possesses rights in the SMARTY PARK mark superior to any rights purported by Berrett.

60. Berrett's actions, as set forth above, with respect to the SMARTY PARTY mark have constituted and will continue to constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Berrett with Smarty, or as to the origin, sponsorship, or approval of Berrett's services by Smarty. Such actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

61. By reason of the foregoing, Berrett has been unjustly enriched and Smarty has been injured and damaged. Unless the foregoing alleged actions of Berrett are enjoined, Smarty will continue to suffer injury and damage.

### COUNT 4
### UNFAIR COMPETITION
### (Missouri Common Law)

62. Smarty realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

63. Berrett's actions, as set forth above, with respect to the SMARTY HAD A PARTY mark constitute unfair competition in violation of the common law of Missouri.

64. By reason of the foregoing, Berrett has been unjustly enriched and Smarty has been injured and damaged. Unless the foregoing alleged actions of Berrett are enjoined, Smarty will continue to suffer injury and damage.

**COUNT 5**
**UNFAIR COMPETITION**
**(Missouri Common Law)**

65. Smarty realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

66. Berrett's actions, as set forth above, with respect to the SMARTY PARTY mark constitute unfair competition in violation of the common law of Missouri.

67. By reason of the foregoing, Berrett has been unjustly enriched and Smarty has been injured and damaged. Unless the foregoing alleged actions of Berrett are enjoined, Smarty will continue to suffer injury and damage.

**COUNT 6**
**COPYRIGHT INFRINGEMENT**
**(17  U.S.C. § 101 *et seq.*)**

68. Smarty realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

69. Berrett's actions, as set forth above, constitute infringement of Smarty's Image and Copyright in violation of 17 U.S.C. § 101, *et seq.*

70. By reason of the foregoing, Smarty has been or will be irreparably harmed and damaged and entitle Smarty to an injunction against said infringement pursuant to 17 U.S.C. § 502 and damages pursuant to 17 U.S.C. § 504.

**JURY TRIAL DEMANDED**

## PRAYER FOR RELIEF

WHEREFORE, Smarty prays that this Court enter judgment in its favor and against Defendant as follows:

A. A preliminary and permanent injunction enjoining and restraining Berrett, their agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them from copying, distributing, publicly displaying, or otherwise making any use of the Image and Copyright;

B. A preliminary and permanent injunction enjoining and restraining Berrett, their agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them:

    a. From using, in connection with the promotion, advertising, offering, or sale of their services and products the SMARTY HAD A PARTY and SMARTY PARTY marks or any other designation that is confusingly similar to the SMARTY HAD A PARTY and SMARTY PARTY marks that is likely to cause confusion with the SMARTY HAD A PARTY and SMARTY PARTY marks or dilutes or are likely to dilute the SMARTY HAD A PARTY and SMARTY PARTY marks; and

    b. From otherwise competing unfairly with Smarty in any manner including (1) adopting or infringing upon the SMARTY HAD A PARTY and SMARTY PARTY marks, or (2) adopting or using any other marks or designations that are confusingly similar to the SMARTY HAD A PARTY and SMARTY PARTY marks.

    c. From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

C. That this Court order Berrett to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials in their possession, custody or control (including all Internet electronic materials) that are identical to or confusingly similar to the SMARTY HAD A PARTY and SMARTY PARTY marks and Smarty's Image and Copyright;

D. That this Court order Defendant to file with this Court and to serve upon Smarty a report in writing and under oath setting forth in detail the manner and form in which Berett has complied with any injunction resulting from this matter within thirty days after entry to that injunction;

E. An award of monetary damages sufficient to compensate Plaintiffs for the injuries suffered as a result of Berrett's wrongful conduct;

F. An award of actual damages and Berrett's profits and unjust enrichment realized from their infringement and other wrongful conduct;

G. An award and order that treble damages be added to the damages in favor of Smarty pursuant to 15 U.S.C. § 1117(b);

H. As an alternative to actual damages, statutory damages as provided for in 17 U.S.C. 504(c) and 15 U.S.C. § 1117(c), including a finding that Smarty is entitled to statutory damages for willful infringement under 17 U.S.C. 504(c)(2) and 15 U.S.C. § 1117(c)(2);

I. An award to Smarty of pre and post-judgment interest, costs and reasonable attorney's fees expended in this action; and

J. An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Smarty respectfully requests a jury trial.

**JURY TRIAL DEMANDED**

/s/Drey A. Cooley
Drey A. Cooley (#58784MO)
cooley@capessokol.com
Capes Sokol Goodman & Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, Missouri 63105
Tel:  (314) 505-5486
Fax: (314) 721-0554

—and—

Richard Woolf (#58146MO)
rwoolf@boylebrasher.com
Boyle Brasher, LLC
One Metropolitan Square,
211 North Broadway, Suite 2300
St. Louis, MO 63102
Tel:  (314) 621-7700
Fax:  (314) 621-1088
***Attorneys for Plaintiff***